# REMAND/JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-4845-GW(KSx) | Date | September 17, 2018 |
|---|---|---|---|
| Title | *Andrea Goldenberg v. Macys West Stores, Inc., et al.* | | |

Present: The Honorable  GEORGE H. WU, UNITED STATES DISTRICT JUDGE

| Javier Gonzalez | None Present | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

None Present     None Present

**PROCEEDINGS:     IN CHAMBERS - RULING AND ORDER REMANDING CASE TO STATE COURT FOR LACK OF SUBJECT MATTER JURISDICTION**

Attached hereto is the Court's Ruling and Order Remanding Case to State Court for Lack of Subject Matter Jurisdiction. The Court forthwith REMANDS this action back to state court.

Initials of Preparer     JG

*Goldenberg v. Macy's West Stores, Inc., et al.*; Case No. 2:18-cv-04845-GW-(KSx)
Ruling and Order Remanding Case to State Court for Lack of Subject Matter Jurisdiction

## I. Background

On January 29, 2018 Andrea Goldenberg ("Plaintiff") sued Macy's West Stores, Inc. ("Macy's"), Tracie Manick ("Manick"), and Does 1 through 50, (collectively, "Defendants") for (1) negligence and (2) premises liability, arising from a slip-and-fall in one of the Macy's stores. *See generally* Complaint, Docket No. 1-1. Manick filed a demurrer to the Complaint in California Superior Court, and on April 17, 2018, the Superior Court tentatively[1] sustained that demurrer *with leave to amend*. *See* Tentative Order Re: Demurrer to Complaint ("Demurrer Ruling"), Docket No. 14 at CM/ECF pgs. 8-14. When Plaintiff filed an amended complaint on May 4, 2018, she only included specific allegations against Macy's, though Manick is still listed on the caption page as a defendant and the causes of action are alleged "Against All Defendants and Does 1-50, inclusive." *See* First Amended Complaint ("FAC"), Docket No. 1-6. Macy's removed the case to this Court on May 31, 2018, pursuant to the Court's diversity jurisdiction. *See generally* Defendant Macy's West Stores' Notice of Removal ("NOR"), Docket No. 1.

In an order to show cause issued on August 20, 2018, the Court requested: (1) clarification from Plaintiff as to which defendants she was asserting the FAC against, (2) the state court's exact demurrer ruling, (3) and briefing on whether a demurrer in state court with *leave to amend* coupled with a plaintiff filing a follow-up amended complaint leaving out the non-diverse party is considered a *voluntary* action such that the case could be properly removed after that point. *See* Aug. 20, 2018 Civil Minutes at 2, Docket No. 13. The parties submitted the requested materials. *See* Defendant Macy's Brief Re Application of the Voluntary/Involuntary Rule ("Macy's Br."), Docket No. 14; Plaintiff's Brief on Court's Requested Clarification of Diversity Subject Matter Jurisdiction ("Pl.'s Br."), Docket No. 15.

## II. Decision to Remand

Because Macy's asserts the Court's diversity jurisdiction, Macy's has the burden to prove that jurisdiction is proper, and in particular, that the parties are completely diverse. *Lewis v.*

---
[1] The state court ultimately sustained the demurrer, and the Court assumes it adopted the reasoning delineated in the tentative ruling discussed above. *See* Notice of Ruling Re: April 17, 2018 Hearing on Defendants' Demurrer to the Complaint, Docket No. 1-5.

*Verizon Commc'ns, Inc.*, 627 F.3d 395, 399 (9th Cir. 2010). The Court has an obligation to ensure that subject matter jurisdiction exists before proceeding. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004).

**A. Legal Standard**

"The party asserting federal jurisdiction has the burden of showing the case meets the statutory requirements for the exercise of federal jurisdiction and therefore belongs in federal court." *Lewis*, 627 F.3d at 399. In order for a court to have jurisdiction under 28 U.S.C. § 1332, the parties must be completely diverse. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005) ("[T]he presence . . . of a single plaintiff from the same [s]tate as a single defendant deprives the district court of original diversity jurisdiction.").

For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983) (citations omitted). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (citing *Weible v. United States*, 244 F.2d 158, 163 (9th Cir. 1957)). A person's domicile is the place he or she physically resides with the intent to make it a fixed and permanent home, while residence means living in a particular locality. *See id.* (citing *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986)). A corporation, on the other hand, is a "citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The phrase "principal place of business" means the place where a corporation's board and high level officers direct, control and coordinate its activities, also referred to as its "nerve center." *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81, 92-93 (2010). "In practice it should normally be the place where the corporation maintains its headquarters − provided that the headquarters is the actual center of direct, control, and coordination." *Id.* at 93.

**B. Discussion**

Plaintiff is a citizen of California, as per the NOR. *See* NOR ¶ 8. In conjunction with the Complaint and FAC alleging Plaintiff's residence as Los Angeles County, the Court presumes that this is the case and sees no reason why Plaintiff would not have an intent to reside there permanently. *See* Complaint ¶ 1; FAC ¶ 1. Of Defendants, only Manick is presumably a citizen of California. The Complaint alleges that she resides in Los Angeles County, so assuming that she also has an intent to remain there, she is a citizen of California for diversity purposes. *See*

Complaint ¶ 3. In both parties' briefing, neither party disputes that both Plaintiff and Manick are citizens of California, and the Court agrees. *See generally* Macy's Br.; *see generally* Pl.'s Br.

From the parties briefing, it appears disputed that the FAC asserts its causes of action against Manick. *See generally* Macy's Br.; Pl.'s Br. The Court ultimately concludes that Manick is still a defendant in this lawsuit. Manick is still listed on the cover page of the FAC as a defendant in this action. *See* FAC at 1 (listing "MACY'S WEST STORES, INC.; TRACIE MANICK; DOES 1 through 50, inclusive" as "Defendants."). Directly beneath each of the headings for the two causes of action, the FAC alleges in parentheses that they are "[a]gainst All **Defendants** and Does 1-50, inclusive." *See id.* Considering that the only defendants other than Does 1-50 are Manick and Macy's, the use of plural Defendants implies that those causes of action are alleged against both Macy's *and* Manick.[2] As a result of the Court's determination that the FAC's is still alleged against Manick, the voluntary-involuntary rule would not change this action from not removable to removable with the amendment of the FAC. The voluntary-involuntary rule provides that "*[o]nly changes made voluntarily by the plaintiff* make the case removable. An action not removable as originally filed must remain in state court unless plaintiff does something *voluntarily* to change the nature of the case and render it removable." O'Connell & Stevenson, RUTTER GROUP PRAC. GUIDE: FEDERAL CIV. PRO. BEFORE TRIAL, Calif. & 9th Cir. Editions (The Rutter Group 2018) § 2:3354. More specifically, "[i]f diversity of citizenship is lacking at the time the state action was filed, but within one year P[laintiff] voluntarily dismisses or *amends the complaint* to *abandon* the action against the nondiverse defendant, the remaining diverse defendants are entitled to remove." *Id.* § 2:3361 (emphasis added). On the other hand, "[o]rdinarily, if the case was not removable originally because of a nondiverse defendant, it does not become removable when that defendant is eliminated 'involuntarily' from the lawsuit (e.g., by involuntary dismissal or summary judgment) . . . ." *Id.* § 2:2469.

---

[2] In briefing, Plaintiff uses the language that she has "every intention of amending [Manick] back into the case," but the Court does not find that language to sufficiently demonstrate that Manick is out of the case. *See* Pl.'s Br. at 5. Similarly, the Court does not find dispositive that Michael D. McLachlan, counsel for Plaintiff, declared that it was "clearly futile to leave Ms. Manick in the First Amended Complaint," implying that he removed Manick from the Complaint. *See* Declaration of Michael D. McLachlan ("McLachlan Decl.") ¶¶ 5-6, Docket No. 15-1. Later on in Plaintiff's own brief, Plaintiff asserts that "Defendant Manick remains a party to this case . . . ." *See id.* at 7. The Court also recognizes that Plaintiff has not filed a voluntary dismissal as to Manick, or anything of that nature. *See* Docket. More important than anything, is that regardless of Plaintiff's intentions, the FAC itself still asserts causes of action against Manick and includes Manick as a defendant on the cover page as described in the body of this Order. *See* FAC at 1.

Even if the Court were instead to conclude that Plaintiff amended Manick entirely out of the FAC and abandoned those claims, Macy's cites to no case where an earlier *involuntary* dismissal (with or without leave to amend) that *prompted* an amendment removing a non-diverse defendant, rendered the lawsuit newly removable. *See generally* Macy's Br. The Court has similarly found none in scouring the case law. Regardless, Plaintiff has not sufficiently abandoned her claims against Manick such that Plaintiff's changes to the FAC would constitute a voluntary act making the lawsuit removable on the date Plaintiff filed the FAC. Nothing about the present action's removability changed with the filing of the FAC and there was no further voluntary action by Plaintiff that would otherwise have created removability.

The Court will briefly address Plaintiff's preemptive concern that Macy's might in the future assert fraudulent joinder. *See* Pl.'s Br. at 6-7. Though fraudulent joinder can constitute an exception to the voluntary-involuntary rule, that exception does not apply to deflect remand here. As Plaintiff argues, because fraudulent joinder would have been known at the time of serving the *original* Complaint,[3] the Court would conclude that removal over 30 days of being served based on a fraudulent joinder argument is untimely under 28 U.S.C. § 1446(b) and thus removal on that basis is procedurally flawed.[4] *Graybill-Bundgard v. Standard Ins. Co.*, 793 F. Supp. 2d 1117, 1120 (N.D. Cal. 2011) (noting that fraudulent joinder is an exception to the voluntary/involuntary rule, but concluding that the defendant's fraudulent joinder argument was untimely because it could have determined fraudulent joinder at the time of serving defendant with the complaint).

In sum, Plaintiff and Manick are both citizens of California, and the Court therefore finds that this action lacks the complete diversity necessary to stay in federal court. Plaintiff has taken

---

[3] It is unclear when the original Complaint was served on Manick, but considering that Manick filed the demurrer with the state court on March 13, 2018, the date of removability would necessarily have been more than 30 days before the May 31, 2018 date of removal here. *See* NOR Ex. B, Docket No. 1-2.

[4] The Court need not substantively address a hypothetical fraudulent joinder argument. Nonetheless, the Court briefly notes that the Demurrer Ruling dismissed the causes of actions against Manick *with leave to amend*, and the Court's analysis in that order convinces the Court that fraudulent joinder is also a *substantively* meritless argument here. *See* Demurrer Ruling, Docket No. 14 at CM/ECF 12-14. The state court explicitly granted leave to amend and merely held that there were insufficient and/or conclusory allegations as to Manick; the Court would independently agree. *See id.* As such, the Court would conclude that Manick was not fraudulently joined because Defendants have not met their burden of establishing that there is *no* possibility Plaintiff could state a claim against Manick with future amendment. *See Rangel v. Bridgestone Retail Operations, LLC*, 200 F. Supp. 3d 1024, 1032-34 (C.D. Cal. 2016) (noting that the factual allegations as to the plaintiff's IIED cause of action were either conclusory or fell under the CWCA exclusive remedies provision, but still remanding because the "[d]efendants have not met their burden of establishing that Plaintiff is incapable of *amending* his complaint to state a valid IIED claim.") (emphasis added).

no voluntary action that would change that fact, nor would any fraudulent joinder argument hold water for procedural and substantive reasons.

### III. <u>Conclusion</u>

Based on the foregoing, the Court forthwith **REMANDS** this action back to state court.